UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

HAROLD LEROY FISHER, JR.
   Plaintiff,

vs.                                                       No. 11-1188

RICARDO RIOS, et al.,
   Defendants

## MERIT REVIEW AND CASE MANAGEMENT ORDER

     This cause is before the court for a merit review of the Plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

     The pro se Plaintiff, Harold LeRoy Fisher, Jr., has filed his lawsuit pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), claiming that his constitutional rights were violated at the Federal Correctional Institution in Pekin, Illinois. The Plaintiff has named 18 Defendants including prison administrators, correctional officers, nurses, emergency medical technicians and doctors. The Plaintiff says he received cataract surgery on his left eye, but he has yet to receive the same surgery on his right eye. The Plaintiff says the surgery was previously approved, but he will soon be released to a half-way house and wants the surgery on his right eye first.

     The Plaintiff states that he has not filed a grievance and has not pursued any administrative remedies, "because Plaintiff is pursing this complaint pursuant to 28 U.S.C. §1915(g)( prisoner has been placed in imminent danger of serious physical injury.)" (Comp., p. 6. This is not an exception to the exhaustion requirement. The statute the Plaintiff is referring to does not concern exhaustion of administrative remedies, but when an inmate may proceed *in forma pauperis*. Section 1915(g) states when a prisoner has had three previous lawsuits dismissed for failure to state a claim, the prisoner may only proceed *in forma pauperis* if he can demonstrate he is in immediate danger of serious physical injury.

     Whenever any prisoner files a lawsuit concerning conditions of his confinement, he must fully exhaust his administrative remedies **before** he files a lawsuit. *See* 42 U.S.C.§1997e(a) The court cannot waive this requirement. Failure to exhaust is an affirmative defense, but "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the

1

suit." *Walker v Thompson,* 288 F.3d 1005, 1009 (7th Cir. 2002); *see also See Jones v Bock,* 549 U.S. 199 (2007). The Plaintiff admits in his complaint that he has not even filed an initial grievance. Therefore, the court must dismiss this lawsuit. *See Porter v. Nussle,* 534 U.S. 516, 524 (2002); *Lewis v. Washington,* 300 F.3d 829, 834 (7th Cir. 2002); *Ester v Principi,* 250 F.3d 1068, 1071 (7th Cir. 2001).

The court notes that the Plaintiff has filed two motions: a motion for an emergency restraining order [d/e 8] and a motion for leave to file an amended complaint. [d/e 9] In his motion for an emergency restraining order, the Plaintiff is complaining about how one of the Defendants provided his daily insulin shot. This issue is not the subject of the Plaintiff's complaint and the Plaintiff's complaint has been dismissed. The motion is denied. [d/e 8].

In his motion for leave to file an amended complaint, the Plaintiff again admits that he has not filed a grievance concerning his claims.(Amd. Comp., p. 6) Therefore, the Plaintiff's motion to amend is futile because the court would still be required to dismiss his amended complaint for failure to exhaust administrative remedies. *J.D. Marshall Int'l, Inc. v. Redstart, Inc*., 935 F.2d 815, 819 (7th Cir. 1991) *citing Foman v. Davis*, 371 U.S. 178, 182 (1962); see also *Thompson v. Boggs*, 33 f.3d 847, 853 (7th Cir. 1994). The motion is denied. [d/e 9]

**IT IS THEREFORE ORDERED that:**

**1) The Plaintiff's lawsuit is dismissed without prejudice for failure to exhaust administrative remedies as required pursuant to 42 U.S.C.§1997e(a)**.

**2) The pending motions for an emergency restraining order and to amend the complaint are denied. [d/e 6, 8]**

**3) The agency having custody of the Plaintiff is directed to remit the docketing fee of $350.00 from the Plaintiff's prison trust fund account if such funds are available. If the Plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the Plaintiff's trust fund account to the clerk of court each time the Plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $350.00.**

**4) The Plaintiff is responsible for ensuring the $350.00 filing fee is paid to the clerk of the court even though his case has been dismissed. Release from incarceration does not relieve the Plaintiff of his obligation to pay the filing fee in full.**

**5) The Plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.**

**6) The clerk is directed to mail a copy of this order to the Plaintiff's place of confinement, to the attention of the Trust Fund Office.**

Entered this 19th day of July, 2011.


                              **s/James E. Shadid**
                      _____
                                JAMES E. SHADID
                            UNITED STATES DISTRICT JUDGE